lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-40095-JAR |
| | ) | |
| BO CHENG FENG, | ) | |
| FENG LI, | ) | |
| TAT HI CHAN, | ) | |
| DONNA LI, and | ) | |
| KWAN LAP YU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous pretrial motions filed by defendants. After

reviewing the arguments and statements of counsel and considering their respective submissions,

the Court is prepared to rule.

### *Background*

Defendants Bo Cheng Feng and Chun Xioa Yuan were originally charged with Count 1,

conspiracy to distribute cocaine, ecstacy and marijuana plants; Count 2, possession with intent to

distribute cocaine; and Count 3, possession with intent to distribute ecstacy. Defendant Yuan's

motion to suppress his confession was denied, as were defendant Feng's motion to change

venue, to dismiss on grounds of duplicitous charges, for bill of particulars and to sever.[1] On

January 24, 2008, on the eve of trial, the government filed a Second Superseding Indictment

---

[1](Doc. 103.)

adding four defendants and additional charges involving methamphetamine (MDMA).

Defendant Yuan opted to plead guilty on January 30, 2008, and Feng was set to proceed with

trial on February 5, 2008, after the Court denied the government's motion to continue trial.

Although Feng announced his intention to enter a plea, he reconsidered and fired his counsel,

prompting a trial continuance.

New motions deadlines were set and defendants have filed numerous pretrial motions.  A

hearing was held on October 21, 2008, at which time the Court made several rulings from the

bench, including granting defendants' motions to join each other's motions, and took several

matters under advisement.[2]  A status conference was held March 9, 2009, and trial is currently

set for November 2, 2009.

### *Discussion*

#### A.      **Motion for Adequate Court Facilities [Doc. 200]**

Defendant Kwan Lap Yu requests that he and his counsel be provided with a separate

table from any of his co-defendants who proceed to trial at the same time that his case goes to

trial, including the jury selection phase through completion of the trial.  Other than pointing out

the logistical difficulty of defendant's request, the government takes no position on this motion.

With the severance of Feng Li, discussed below, four defendants will be present at trial.

Although it cannot promise that each defendant will have a separate table, the Court will grant

defendant's motion and do its best to accommodate defendant's request.

#### B.      **Motions for Bill of Particulars [Docs. 202 and 236]**

Defendants Kwan Lap Yu and Donna Li request the government provide the following:

---

[2](Doc. 247.)

(1) the identity of all known but unidentified co-conspirators referred to in Count 1 of the Second Superseding Indictment;

(2) the location where the alleged conspiracy was formed;

(3) the manner in which the alleged conspiracy was designed to achieve its alleged purpose;

(4) the persons who were present when the alleged conspiracy was formed or commenced;

(5) the specific terms of the conspiratorial agreement;

(6) the particulars as to all meetings and conversations in which any defendant participated, including the names of all persons that the government will claim at trial were co-conspirators;

(7) the location of any meetings or conspiratorial conversations in which any defendant allegedly participated;

(8) the approximate date upon which the defendant Yu and each other defendant allegedly joined the conspiracy; and

(9) the identification of which co-conspirator performed each specific act alleged in the Indictment.

Rule 7(f) of the Federal Rules of Criminal Procedure allows a court to issue a bill of particulars at its discretion. The bill of particulars is designed to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."[3] The court's primary concern when reviewing a motion for a bill of particulars is whether the defendant has:

---

[3]*United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citation omitted).

(1) a meaningful opportunity to prepare his or her defense, (2) assurances against unfair surprise to the defendant at trial, and (3) protection from double jeopardy dangers.[4]  The purpose of a bill of particulars is not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories.[5]

At the hearing held October 21, 2008, counsel for defendant Yu focused on the portions of the Second Superseding Indictment contained in Count 1 with respect to the identity of all known but unidentified co-conspirators, arguing that this information cannot be found in the discovery provided by the government.  Counsel for defendant Donna Li suggested the government put all of the requested information into its proffer with regard to the *James* hearing. And, counsel for defendant Tat Hi Chan argued that the dates of the conspiracy charged in the Second Supersceding Indictment overlap with the date of his conviction and imprisonment for a previous offense in California.  At the hearing, the government identified the four unnamed co-conspirators as Mo Wang, Yu Li, Qui Zhang and Zou Chen.  With respect to Chan, the government explained that the conspiracy charges against Chan in this cases are much broader than the simple controlled delivery charges he was convicted of in California; although the controlled delivery is not charged as an overt act, the government intends to offer that evidence as an intrinsic act of the conspiracy charged in this case.  The government also represented that all of the information mentioned is included in the discovery stated that it believes defense counsel now has the detailed information it is requesting in its motion.  Anything more, the government argues, would amount to providing defense counsel with the prosecution's trial

---

[4]*United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983).

[5]*United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998).

outline.

The grant or denial of a defendant's request for a bill of particulars rests within the court's sound discretion.[6]  In this case, the Second Superseding Indictment identifies the location of the offense and the dates during which the conspiracy was ongoing.  The government has specifically provided the names of the co-conspirators and co-defendants that are allegedly involved, and explained the timing of the charges against defendant Chan.  As represented by the government, discovery provided to defendants disclose even further the details regarding the conspiracy.  Accordingly, defendants' motion for a bill of particulars is denied.

### C.      Motions for Discovery [Docs. 217 and 224]

Defendant Yu seeks disclosure of items that he believes exists but were not provided: (1) Copies of all shipping schedules and shipping radio frequencies seized from the defendant Kwan Lap Yu when he entered the United States from Hong Kong on or about Christmas Eve 2004 which radio frequencies and shipping schedules were referred to and identified in Government's Exhibit 3 at the hearing held herein on defendant's motion for review of detention order on May 13, 2008; (2) Copies of any and all documents which support the government's contention set forth in a letter from Assistant United States Attorney, Tony Mattivi, to Mark L. Bennett, Jr. dated June 9, 2008 that the defendant, Kwan Lap Yu, had or was "wiring substantial sums of money" to an individual by the name of Yi Feng Wu; (3) Copies of any and all reports, documents, photographs, phone conversations, audio or video surveillance or photographs establishing a connection between the defendant, Kwan Lap Yu and Yi Feng Wu; (4) Other than the statement of the cooperating witness, Chun Xiao Yuan, any and all documentation,

---

[6]*United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992).

statements or other evidence which would support Chun Xiao Yuan's statement made on January

6, 2006 to Detective Don Barfield that the defendant Kwan Lap Yu had a second house in China;

(5) A copy of any fingerprint or DNA analysis regarding the drugs seized from the vicinity of the

vehicle crash that occurred in Kansas on June 27, 2004, which vehicle was occupied by Cui Qin

Zhang and Zou Chen; (6) Any and all fingerprint and/or DNA analysis or reports resulting from

the examination of any drugs seized or documents seized pursuant to an arrest or search warrant

in the course of the investigation of this matter; (7) Copies of any and all recorded phone

conversations and/or transcripts of recorded phone conversations in which the defendant, Kwan

Lap Yu, was a participant and which were obtained in the course of the investigation of this

matter by law enforcement; (8) Copies of any and all items obtained or seized from the home of

the defendant or his wife, Wanda Yu, during the course of the investigation in this case and

which have not previously been provided to counsel for the defendant in the seven to eight

thousand pages of discovery previously provided herein; (9) Copies of any and all documents

seized from any other defendant herein or locations other than the home of the defendant, Kwan

Lap Yu and Wanda Yu which contain any reference to the defendant, Kwan Lap Yu; (10) Any

and all documents, photographs, recorded phone conversations, audio or surveillance tapes,

investigative reports, bank accounts or wire transfers between the defendant, Kwan Lap Yu and

the defendant Peter Sum Li; (11) Any and all documents, photographs, recorded phone

conversations, audio or surveillance tapes, investigative reports, bank accounts or wire transfers

between the defendant, Kwan Lap Yu and the defendant Li Feng Wu; (12) Any and all

documents including but not limited to; investigative reports, statements of cooperating

individuals, informants or sources of information, recorded phone conversations, audio or video

6

surveillance, wire transfers, bank accounts or statements which support the Government's allegation as indicated on page 52 of the transcript of the hearing on motion for review of detention order that the defendant, Kwan Lap Yu is "the money man, the money courier, the person who arranged the [drug and money] shipments"; (13)  Any and all audio or video surveillance tapes or surveillance reports conducted or prepared by any law enforcement agency of the defendant, Kwan Lap Yu; (14) Copies of all "earlier statements" of Chun Xiao Yuan which are referred to in Detective Don Barfield's report dated January 9, 2006, other than the reports of statements made by Chun Xiao Yuan on October 28, 2004 and March 21, 2005 which have already been produced by the Government and which bear the bates stamp numbers 317-319 and 476-477. Defendant submits that earlier statements by Mr. Yuan which differ in any way from the previously produced statements are discoverable and must be produced since they can be used to impeach or challenge the credibility of Mr. Yuan; and (15) Any and all reports of interview of Zhou Mou Chen conducted by law enforcement in the course of the investigation herein other than the reports of interviews on October 15, 2004, July 13, 2004 and June 27, 2004, which have been previously provided and which bear bates stamp numbers 300 - 307, 3699 – 3700, 249 -252 and 261 -265.  Defendant submits that earlier statements by Mr. Chen which differ in any way from the previously produced statements are discoverable and must be produced since they can be used to impeach or challenge the credibility of Mr. Chen.

Defendant Feng Li requests (1) any and all evidence the government intends to offer at trial; (2) any and all scientific examination results; (3) *Jencks* Act material; and (4) all items of contraband seized.

At the hearing held October 21, 2008, counsel for Yu focused on two items: the shipping

schedules taken from Yu and the letter indicating Yu was wiring money to Wu in Canada.  The

government represented that it has provided defendants with access to "virtually all of the

investigative materials in the government's possession," including the shipping schedules, which

came from Yu, and the wire transfers.  The only materials that it has declined to disclose are

materials from the sizeable investigative file that was gathered as to other defendants no longer

involved in the case and that are irrelevant to any of the remaining defendants.  Further, any

other materials that continue to trickle in will be provided as soon as they have been reviewed by

the government.  Based on the government's representations, the Court denies defendants'

motion as moot.

### D.      Motion for Change of Venue [Doc. 238]

Defendant Donna Li requests the case be transferred to the Central District of California.

Defendant argues that at the detention hearing in California, the government argued that she took

over her husband's ecstasy operation and tried to have the person who informed on her husband

murdered.  Since this crime was allegedly committed in California, not Kansas, proper venue is

in California.  Defendant also argues there is no evidence that she was involved in the conspiracy

in Kansas.

The government responds that venue is established in a conspiracy case when a co-

conspirator commits a single act in furtherance of that conspiracy in any particular district.

Proper venue in a drug conspiracy case in the district in which the defendant was arrested in a

vehicle transporting drugs, even though the illicit agreement underlying the conspiracy had

allegedly been formed in another state.  Moreover, the key to using the "overt acts" test to

determine venue is whether the charge is considered a continuing offense, such as a drug

conspiracy.  The government also responds that a change of venue is not justified, noting that

defendant fails to address any of the factors used to make this determination.

The Court agrees with the government and denies defendant's motion for the reasons

previously set forth in detail in its order denying defendant Feng's motion to change venue (Doc.

103), which is incorporated herein by reference.

### E.      Motions to Dismiss

### 1)      Donna Li (Doc. 237)

Li moves to dismiss the Second Superseding Indictment under Fed. R. Crim. P. 12(b) and

(e), claiming there is insufficient evidence to support the Indictment.  Defendant claims there is

no evidence that she was involved in this conspiracy in Kansas, nor did she have any

involvement in the eventual sale of those drugs when they reached their ultimate destination.

The government disagrees that the operative facts are undisputed.  Instead, it contends

the evidence will show that a Los Angeles-based drug organization was responsible for the

cocaine and MDMA that was seized in Kansas after the car stop in Russell County, that

defendant Tat Chan was a member of that drug operation and was shipping MDMA from Los

Angeles to Houston, and when he was arrested his wife, Donna Li, took over and ran his

operation.

Defendant's motion is denied.  "On a motion to dismiss an indictment, the question is not

whether the government has presented sufficient evidence to support the charge, but solely

whether the allegations in the indictment, if true, are sufficient to establish a violation of the

charged offense."[7]  When a pretrial motion to dismiss an indictment is considered, the indictment

should be tested solely on the basis of the allegations made on its face, and the allegations

contained in the indictment are to be taken as true.[8]  Thus, "courts should refrain from

considering evidence outside the indictment when testing its legal sufficieny."[9]  In limited

circumstances, the Tenth Circuit has upheld the dismissal of an indictment where "the

underlying facts were essentially undisputed and the government failed to object to the district

court's resort to evidence beyond the four corners of the indictment."[10]  In this case, the

government has objected to the consideration of evidence beyond the four corners, and thus the

Court examines only the face of the Indictment to see if it "(1) contains the essential elements of

the offense indicated to be charged, (2) sufficiently apprises the accused of what he must be

prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under

the indictment as a bar to any subsequent prosecution for the same offense."[11]  Importantly, "[a]n

indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is

enough to call for trial of the charge on the merits."[12]

　　　　Upon reviewing the Second Supersceding Indictment, the Court notes that the

---

[7]*United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006); *see also United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978) (holding that an indictment "may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence").

[8]*United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)).

[9]*Id*.

[10]*Id*.

[11]*Id*. at 1087 (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962)); *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir. 1991).

[12]*Costello v. United States*, 350 U.S. 359, 363 (1956).

government has made allegations which, if true, support the charges therein.  Defendant's

arguments are without merit, and this Court lacks authority to look beyond the four corners of

the Indictment in this context or to otherwise usurp the role of the jury as fact finder over the

government's objection.

      **2)**      **Feng Li (Doc. 227)**

On October 8, 2008, the Court entered an Order acknowledging that the government

conceded that the rule of specialty had been violated with respect to Feng Li and directing the

United States Marshal to return him for prosecution in the District of New Mexico.[13]  At the

status conference held March 6, 2009, the parties advised that the New Mexico case had been

resolved and that Li had been returned to Canada, was subject to a hold by Immigration and

Customs Enforcement (ICE), and that the government was in the process of having him

extradited on the charges pending in this case.  Nevertheless, counsel for Feng Li continues to

pursue his pending motion to dismiss, claiming that the government violated the rule of specialty

by prosecuting him in the District of Kansas after extraditing him from Canada on another,

unrelated charge, and the proper remedy is dismissal.

    The rule of specialty is a legal principle recognized by the United States in extradition

matters.[14]  Pursuant to the rule of specialty, an individual may not be prosecuted for an offense in

the country that requested extradition absent the extraditing country's grant of extradition for the

---

[13](Doc. 242.)

[14]*See United States v. Rauscher*, 119 U.S. 407 (1886).

11

offense.[15]  "The rule of specialty, which is derived from principles of international comity,

generally requires a country seeking extradition to adhere to any limitations placed on

prosecution by the surrendering country [and] . . . [t]ypically, the rule is invoked to circumscribe

the specific crimes for which a defendant may be tried following extradition."[16]

The government concedes that the Rule of Specialty was in fact violated, but that the

motion to dismiss is without merit. The government first challenges Li's standing to raise this

issue.  Although the circuit courts are split as to whether a defendant, as opposed to the country

from which he was extradited, may invoke the specialty doctrine, the Tenth Circuit has held that

the person extradited may raise whatever objections the rendering country might have.[17]

Alternatively, the government argues that the extradition agreement and treaty do not

require the Court to dismiss the pending charges.  The order of extradition entered by the

Canadian Minister of Justice held that defendant Li is designated to the United States for the

offense of one count of failure to appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(ii) and

(b)(2) as shown in the Indictment filed in the United States District Court for the District of

Kansas.  The extradition treaty between the governments of the United States and Canada

provides:

---

[15]*Id*. at 430 (holding "a person who has been brought within the jurisdiction of the court by virtue of proceedings under an extradition treaty, can only be tried for one of the offenses described in that treaty, and for the offence with which he is charged in the proceedings for his extradition, until a reasonable time and opportunity have been given him, after his release or trial upon such charge, to return to the country from whose asylum he had been forcibly taken under those proceedings.").

[16]*United States v. Cuevas*, 496 F.3d 256, 262 (2d Cir. 2007) (internal quotations and citations omitted).

[17]*United States v. Levy*, 905 F.2d 326, 328 n. 1 (10th Cir. 1990); *see also United States v. Puentes*, 50 F.3d 1567, 1572 (11th Cir. 2005) (same); *United States v. Najohn*, 785 F.2d 1420, 1422 (9th Cir. 1986).  *Cf. United States v. Kaufman*, 874 F.2d 242, 243 (5th Cir. 1989) (holding that "only an offended nation can complain about the purported violation of an extradition treaty"); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 584 (6th Cir. 1985) (same), *vacated on other grounds*, 10 F.3d 338 (6th Cir. 1993); *United States v. Reed*, 639 F.2d 896, 902 (2d Cir. 1981) (same).

> (1) A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting State for an offense other than that for which extradition has been granted nor be extradited by that State to a third State unless:
>
>> (i) He has left the territory of the requesting State after his extradition and has voluntarily returned to it;
>>
>> (ii) He has not left the territory of the requesting State within thirty days after being free to do so; or
>>
>> (iii) The requested State has consented to his detention, trial, or punishment for an offense other than that for which extradition was granted or to his extradition to a third State, provided such other offense is covered by Article 2.[18]

Thus, the government argues, defendant is subject to prosecution in this case, regardless of the rule of specialty, under certain circumstances, such as if he leaves the United States after his extradition and then voluntarily returns, or if he does not leave the United States within thirty days after being free to do so. Of course, defendant cannot be prosecuted under these circumstances if the Indictment has been dismissed.

While both the government and defendant make persuasive arguments in favor of their respective positions, the Court believes that the recent change of circumstances in this case impact its ruling. The government concedes that it cannot prosecute Li on the pending charges in Kansas without first satisfying its obligations under the treaty. Defendant Li is no longer detained in the United States, having served his sentence in the New Mexico proceedings for which he was extradited, and having been returned to Canada. As he is subject to an ICE hold, it is unlikely that he will return to the United States voluntarily. Significantly, however, the

---

[18]27 U.S.T. 983 (1971).

government has represented that it is pursuing extradition of defendant on the pending charges, independent of the previous extradition.  An indictment alone does not violate the Rule of Specialty; rather, it is the prosecution of that indictment.  Indeed, the indictment is the precursor to an extradition request.[19]  In this case, any violation of the rule of specialty was cured by defendant's return to the District of New Mexico.  Under these circumstances, the Court declines to dismiss the Second Superceding Indictment against defendant Li at this time, pending decision on the extradition proceedings in Canada.  As discussed at the March 6, 2009 status conference, the Court will sever defendant Li from these proceedings pursuant to Fed. R. Crim. P. 14,  until such time as the government is able to proceed with prosecution.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Adequate Court Facilities (Doc. 200) is GRANTED; defendants' Motions for Bill of Particulars (Docs. 202 and 236) are DENIED; defendants' Motions for Discovery (Docs. 217 and 224) are DENIED as moot; defendants' Motion for Change of Venue (Doc. 238) is DENIED; defendant Donna Li's Motion to Dismiss (Doc. 237) is DENIED; and defendant Feng Li's Motion to Dismiss (Doc. 227) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that defendant Feng Li shall be severed from these proceedings pending extradition proceedings from Canada.

IT IS SO ORDERED.

Dated:  May 5, 2009

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19]*United States v. Belanger*, No. 03-CR-143, 2008 WL 2331043, at *1 (N.D.N.Y. June 3, 2008).

14